**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRON EDWARDS,

     Petitioner-Appellant,

v.

DAVID MCKUNE; STATE OF
KANSAS,

     Respondents-Appellees.

No. 02-3208
(D.C. No. 01-CV-3425-DES)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

     Darron Edwards, a pro se state prisoner, filed this petition for habeas

corpus relief on October 18, 2001, challenging his state court conviction in 1992.

The district court dismissed the application upon concluding that it was barred

under the one year period of limitation imposed by the Antiterrorism and

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Effective Death Penalty Act (AEDPA), enacted April 24, 1996. In so holding, the district court recognized that under 28 U.S.C. § 2244(d)(2) the period is tolled during the time a properly filed application for state post-conviction relief is pending, and held that under this tolling provision the limitation period began running on May 31, 1996, and expired one year later on May 31, 1997.

We grant Mr. Edwards' motion to supplement the record regarding the tolling of the statute of limitations. We acknowledge that for some of the intervening time, various pending motions tolled the statute of limitations. However, because the last of these was decided by an order of the Kansas Supreme Court on June 6, 1997, even if the entire time up to that point had been tolled, it still would have expired by June 6, 1998. Thus, Mr. Edwards' motion for state post conviction relief filed February 12, 1999 would itself have no tolling effect.

This petition for habeas relief was filed October 18, 2001, well past the expiration of the limitation period. Accordingly, we **GRANT** Mr. Edwards' motion to supplement the record, **DENY** his request for a certificate of appealability, and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-2-